Chief Justice Robertson
delivered ihe Opinion of 'he ( curt.
On the 7th of October, 1823, John Mason, as principal, and James Mason, as his surety, entered into an appeal bond for prosecuting an appeal to this court from a judgment which had been rendered in favor of Thomas Morrow against the said John Mason.
The condition of the bond was that', in the event •of an affirmance by this court, John Mason should “pay and satisfy” the judgment and all costs and damages.
The judgment was affirmed by this court, in December, 1823, with costs and damages. Afterwards, John Mason replevied executions, which had been issued for the amount of the original judgment, and for the damages adjudged by this court.
In 1831, this suit (debt) was brought by the personal representatives of Thomas Morrow for the purpose of enforcing the appeal bond. On the trial, the circuit court instructed the jury, in substance, that the appeal bond had been satisfied and discharged by the replevin bonds ; and a verdict and judgment were consequently rendered in bar of the aerfion.
(It does not appear that the replevin bonds had 'ever been satisfied.)
The instruction thus given cannot be sustained. Although the original judgment, and that for damages, may have been merged in the replevin bonds, and, in that sense, were satisfied, nevertheless, the amount of the judgments had not, according to the condition of the appeal bond, been paid.
The replevin bonds operated only as a collateral security. They did not extinguish or discharge the obligation of the appeal bond. Morrow had a right to proceed on either of those concurrent and independent securities ; but nothing short of the collection of the whole amount to which each of them en *371 ¿itied him, by a proceeding on one of them, would ¿ave barred his right to proceed on the other..- The object of the appeal bond was to secure the of tiie debt and damages. The object of the replevin bonds was the same and no more ; they could not be deemed a payment of the debt or of the damages, any more than judgments actually obtained upon the judgments lor debt and damages could have been considered as a pay ment. i.i neither cac-e, would-any preexisting and. separate collateral security have been affected.
James Trimble, for plaintiff.'
John Mason was to “pay” the amount of the original judgment, and of that for damages He did not do so ; he only gave a new and additional' security, which did not operate as an extinguishment or satisfaction of the appeal bond.
Wherefore, the judgment of the circuit court must be reversed, and the cause remanded for a(jew trial.